[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2005
THOMAS K. KAHN
CLERK

No. 04-14583
Non-Argument Calendar

_____

D. C. Docket No. 98-00008-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALTON GRIGGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 29, 2005)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Alton Griggs appeals the revocation of his supervised release under 18

U.S.C. section 3583(e). Griggs raises three issues on appeal: (1) whether the district court erred when it denied his motion to dismiss the revocation proceeding; (2) whether the district court erred when it admitted hearsay testimony at the revocation proceeding; and (3) whether the district court erroneously concluded that Griggs had violated a condition of his supervised release. We affirm.

In October 2003, Griggs began serving three years of supervised release related to a firearms offense. In March 2004, the United States Probation Office notified the district court that Griggs had violated the terms of his supervised release. Griggs had been charged with driving with a suspended license and battery upon his wife. Griggs was reprimanded and continued on supervised release. In July 2004, the Probation Office petitioned the district court to revoke Griggs's supervised release based on a second arrest for battery against his wife and driving without a license, in addition to the earlier charges. Griggs was arrested on July 19, 2004. A revocation hearing was scheduled for July 29, 2004, but Griggs, with the advice of counsel, waived the hearing on July 26, 2004. Griggs then moved to dismiss the revocation proceeding because of an alleged violation of Federal Rule of Criminal Procedure 32.1, which requires that a person held for violation of supervised release must be taken before a magistrate judge without unnecessary delay for an initial appearance. Fed. R. Crim. P. 32.1(a)(1).

The district court denied the motion. After hearing testimony, some of which included hearsay, the district court revoked Griggs's supervised release and sentenced Griggs to eight months' imprisonment. Griggs appeals.

We review the denial of a motion to dismiss, the evidentiary ruling, and the decision of the district court to revoke supervised release for abuse of discretion. United States v. Bobo, 344 F.3d 1076, 1082-83 (11th Cir. 2003); United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994); see United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004).

First, Griggs argues that the district court abused its discretion when it denied Griggs's motion to dismiss the revocation proceeding. Griggs argues that he did not receive a timely initial appearance in accord with Rule 32.1 and the revocation proceeding should have been dismissed. It is undisputed that Griggs did not appear before the magistrate judge for an initial appearance, but any error regarding the initial appearance was harmless. During the initial appearance, the magistrate judge must inform the person in custody of "A) the alleged violation of probation or supervised release; (B) the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (C) the person's right, if held in custody, to a preliminary hearing under Rule 32.1(b)(1)." Fed. R. Crim. P. 32.1. In his waiver of the preliminary or probable cause hearing,

3

Griggs showed that he possessed all the information that would have been provided to him at an initial appearance: Griggs stated that he had been advised of the charges against him and of his right to a hearing by his attorney, and he waived his right to a preliminary examination. Griggs, therefore, was not harmed by the lack of an initial appearance.

Second, Griggs argues that the district court erroneously admitted hearsay evidence during the revocation hearing concerning the alleged batteries upon his wife. Griggs objects specifically to the testimony given by Deputy Danny Higgins and Deputy Tom Sollosi regarding statements made to them by Griggs's wife and his wife's daughter. This argument fails. First, the Federal Rules of Evidence do not apply in revocation proceedings. Frazier, 26 F.3d at 114. Second, although hearsay is not automatically admissible at a revocation proceeding, the district court properly allowed the evidence. See id. The district court found that the statements were reliable because they were taken shortly after the alleged incidents had occurred, and Griggs was allowed to cross-examine each witness at the hearing.

Finally, Griggs argues that the district court abused its discretion when it revoked his supervised release. The district court was permitted to revoke Griggs's supervised release if it found, by a preponderance of the evidence, that Griggs

violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). One condition of Griggs's release was that he "not commit another Federal, State, or local crime during the term of supervision and that [he] not unlawfully possess a controlled substance." 18 U.S.C. § 3583(d). Sufficient evidence was presented for the district court to find by a preponderance of the evidence that Griggs had violated his supervised release by driving without a license, for which he was convicted, and by committing a battery against his wife. Although Griggs presented evidence to the contrary, the district court was not required to accept the testimony of Griggs's witnesses over the testimony of the witnesses for the government.

**AFFIRMED.**